Case number 22-6273, Joe Spence, appellant, v. United States Department of Veterans Affairs and Dennis McDonough in his official capacity as Secretary of the United States Department of Veterans Affairs. Ms. Spence for the appellant, Mr. Silverman for the appellees. Good morning. Good morning, honors. May I please support? I'm Joe Spence, pro se appellant. The District Court erred when it failed to consider my second amended complaint in light of all filings in this evaluation under Federal Rule of Civil Procedure 12b-6, an EEOC v. St. Francis Xavier Parochial Schools the D.C. Circuit held when deciding a Rule 12b-6 motion, the Court may only consider the complaint itself, documents attached to the complaint, documents that are incorporated by reference in the complaint, and judicially noticeable materials. In Brown v. Whole Foods Market Group, Inc., the D.C. Circuit held that for pro se plaintiffs, the Court may also consider the facts set forth in the plaintiff's proposition to the motion to dismiss. The District Court, in this incident case, erred in its belief that it did not have to consider my opposition to the defendant's motion to dismiss simply because I'm an attorney. There's no language in Brown that excludes pro se litigants who are attorneys from consideration. Do you have to have the pro se, the liberal rules to prevail? Can you win without the pro se liberality in pleadings, including the Brown v. Whole Foods rule? I'm not sure I'm understanding what you're asking. Can you win if we don't treat you as a pro se plaintiff? Could you win? Yes, absolutely. So you could win just on the content of your complaint alone? Yes. Your second amended complaint, without reference to the materials in your complaint? Well, no. The materials are crucial to my success here in the Court, not considering my materials. So they have to have a rule that says, for 12b-6, we can consider materials attached to your opposition to the 12b-6 motion? Yes. And as far as you're aware, that type of reading is only allowed for pro se parties? Well, that reading should be allowed, yes, to all pro ses. I don't know. I'm not aware of any, again, exclusion for any pro ses who are of any particular profession. Why would we extend the rule to pro ses who are attorneys? That rule itself is an exception to normal pleading rules. Well, just because... Rationale is that pro ses generally aren't lawyers, but you are. I am a lawyer, but just because someone carries the title of attorney doesn't necessarily mean they have the requisite experience to litigate, to bother complaints without defects. And I have not represented the federal government in any litigation before federal court, before even though I'm a former federal government attorney. And that role is reserved for the Department of Justice attorneys. So I don't believe I should be penalized simply because I carry the title of attorney. Ms. Spence, even for pro se litigants, though, we have a number of cases saying that pro se litigants must follow the rules. And here the district court repeatedly suggested to you ways to make your complaint compliant with the rules. And so even if we were to give you pro se treatment, I mean, there are a number of cases, I mean, pro se litigants still have to follow the federal rules of civil procedure. In this case, the district court's claims that I repeatedly failed to follow the rules, especially with regard to this page limit, are not supported by the record. And the record shows that with my first proposed amended complaint, where I sought to add count six, that was denied by the court without a reason. And the court imposed a 50-page limit. My second proposed amended complaint was denied for violating the court's page limit, but I misinterpreted the court's order and included or added 50 pages, or count six, to my original complaint, which was 98 pages. So any violation was totally unintentional. A third proposed amended complaint was denied after the court erroneously found that a 57-page statement of facts attached to my amended complaint was incorporated by reference. And I have to note that that exhibit was one of three Merit Systems Protection Board documents attached to my complaint, and only one was singled out as being incorporated by reference. The district court also erred when it found that the exhibits attached to my opposition memo were also incorporated by reference. There were no indicators that any of the exhibits were to be incorporated by reference. And then with regard to my last attempt to avoid any further erroneous claims of incorporation by reference, I submitted a 48-page fourth amended complaint, and I filed that with no exhibits or no attachments. So as far as I can tell, my complaint was compliant. There were concerns that my complaint did not comply with Rule 882 of the, that was count six of the complaint of the Federal Rules of Civil Procedure, but the complaint itself was compliant with the court's orders, except for the one instance where I misinterpreted the court's order. The, the district court, I'm sorry, the D.C. Circuit was emphatic in Brown when it stated that a court errs when it fails to consider a pro se litigants complain in light of all filings, including filings responsive to a motion to dismiss. The district court erred in its findings that I provided no facts for counts one, two, and three of my complaint that could possibly give rise to an inference that any actions taken against me were due to race, sex, or age discrimination or retaliation. The district court erred in its failure to consider the facts of my opposition filings, which contain the facts necessary to make an inference of causation. Further, the court's refusal to take judicial notice of exhibits attached to my opposition memo violated Rule 201C of the C2 of the Federal Rules of Evidence, which state that a court must take judicial notice if a party requested and supplies the necessary information. The district court erred in finding... Judicial notices are matters that are not reasonably in dispute, and all your attachments were very much reasonably in dispute. That's not to say who's right or wrong. They don't qualify for judicial notice. Those are for matters traditionally public filings by the government that are not matters in dispute. I'm having trouble understanding how your attachments, your exhibits, would have even qualified for judicial notice. Well, I was just following the Federal Rules of Evidence. It did not contain qualifier. It just says for if a party requests judicial notice and supplies the necessary information, then the court must... That's not what it says more than that. The definition of what qualifies for judicial notice in the Federal Rules of Evidence. Well, thank you for that lesson. The district court erred in its finding for count one that the employment actions I complained had no binding effect on my salary, bonus, or other benefits. The district court erred in its findings that I did not establish a causal connection between those employment actions and my protected activity, and my termination was the only adverse action I suffered. My opposition filings, which contained sufficient factual matter to plausibly establish the elements of my claims, stated that I suffered numerous adverse actions. One was a fully successful performance rating I received, which was lower in 2017, which was lower than the outstanding rating I received the previous year that resulted in the loss of a monetary award. In Weber v. Batista, the D.C. Circuit held a performance evaluation to be materially adverse when it results in the employee not receiving a cash award. The district court erred in its failure to consider the facts in my opposition filings. The district court erred in its findings that I did not plead a causal connection between my termination and my EEO complaint, and that dismissal was warranted because I was terminated nearly a year after I filed my November 6th EEO complaint. My amended complaint states that the original EEO complaint was amended numerous times, and that the alleged events of discrimination and retaliation occurred between November 2017 and September 2018. In Singletary v. the District of Columbia, the D.C. Circuit noted that a close temporal relationship may alone establish the required causation. Okay. Thank you. Thank you very much. We'll give you a couple minutes on rebuttal. Thank you. Thank you. Good morning, Your Honors. Bradley Silverman for the government. The district court's action in this case was a reasonable and proportionate response to the problem that confronted it. The plaintiff was a trained attorney with 36 years of experience who, despite the district court's repeated instructions to limit her pleadings to 50 pages, repeatedly filed pleadings in excess of 50 pages. She has explained the confusion the first time she thought it was for the new amended claim. It was a mistake on her part. She admits it, but nothing willful. And rules do allow attachments to complaints. And so she just says it was matters of confusion. Do you dispute? Do you think she was engaged in deliberate and willful disobedience of court orders or just was rather confused? Yes, Your Honor. I can't speak. The only question, which one is it? She was rather confused or she was deliberate and willful in defying the district court orders. I cannot speak to her state of mind. Obviously, I can't look in her mind. But there are two aspects of this case that raise. I mean, if you've dealt with it. Well, and you've heard her explanation today, there are many reasons not to credit her. Yes, two reasons not to credit, Your Honor. First, the district court's directive was unambiguous. It is difficult for me to understand how a reasonable person, let alone an attorney, can read the district court's order, which very clearly said your amended pleadings, not your new count your amended pleadings. Well, again, she said she thought that meant the amended pleading was the addition to the amended complaint mistaken. The other reason that doesn't suggest willfulness or deliberateness. Well, what does suggest willfulness and deliberate deliberateness and sort of cast doubt on that previous explanation is the subsequent actions in this case. First, attempting to incorporate 57 additional pages into the complaint. And second, in her response, she was confused about judicial notice rules and she's confused about rules for attaching the rules about your ability to attach things to your complaint. And when she was told every time she was told no, she did not repeat that step. Did the district court find that she was willful and deliberate? I need to look at the district court's opinion, but the district court did find that she repeatedly violated his orders, that this misspence is a trained attorney who reasonably can be expected to read an order and understand it. Negligence. I didn't read this as finding willfulness and deliberateness and, you know, that she was just someone in the face of the district court. But you do. I, Your Honor, I can't read. I'm asking you how you interpret how the government, whoever the trial counsel was interpreted. I find it difficult to understand how a trained attorney can read the same order over and over again, limit your pleadings to 50 pages and repeatedly violate that first directly and then second and third time indirectly by pointing to voluminous external materials in order to supply the necessary facts, the ostensibly necessary facts. The government did not move for summary judgment on motion to dismiss or summary judgment on all of her claims. Government moved to dismiss all of her claims except for one record review claim with the government summary judgment. Right, right. I thought it was summary judgment. I thought it was motion dismiss or summary judgment on all claims. I get the district court only granted summary judgment on one, but I thought the government's motion was either one in the alternative. It might have been the primary thrust of the argument. It makes sense for her then to attach things to her opposition. But that doesn't. And to argue about them. But even if those materials could be considered in the context of ruling on a summary judgment motion, it can't be considered in the context of ruling on a 12B6 motion. So the court could still dismiss under 12B6 without needing to or being permitted to look at. It doesn't make error for her to attach those things to her opposition. Well, it is error when you are pointing to those to supply the facts missing from her It's important here to look at what she said in her opposition. If I'm paraphrasing here a little bit, but the government moved to dismiss on the ground that she had not pleaded facts to give rise to plausible inferences. In her opposition, she says, paraphrasing, well, yes, I did not plead the facts because this court limited my pleadings to 50 pages. However, if you look at these exhibits, you will see the necessary facts. What this shows is that she was not simply providing these exhibits. The court only objected to the statement of facts. She did not, as she has pointed out, object to the other attachments at any point. The government only pointed to the statement of facts. There was never a ruling or an argument. There's never any consideration as to whether the other materials violated. Confusion again, right? There is only the other materials may well have been improper as well. But we had only our basis to the district court dismiss with prejudice. Three considerations. The three considerations this court identified in Bristol Petroleum. In Bristol Petroleum, this court. I don't want to tell me on this record. What basis to the district court dismiss with prejudice with prejudice? First was the fact that Miss Spence had had repeated opportunities to amend her complaint to file a compliance complaint yet had not done so had required the government to file three dispositive motions and had repeatedly violated its orders as a trained attorney. In light of these considerations, the same factors identified in Bristol Petroleum, the court determined that dismissal with prejudice was appropriate given the opportunities Miss Spence had been given, the burden that her conduct had imposed on the court and the opposing party and the need to deter other parties and promote respect for court orders. The government's view that hadn't been enlightened by the district court. She could not possibly make the allegations to state her claims. I'm sorry. Is it is it is it the government's view that she could not plead any factual allegations to support her claims that you wouldn't agree to them? But that she could not. In theory, possibly, I don't I don't know what the actual facts are. It's possible that, you know, the facts as they exist in the world would not support a plausible claim, but that was our argument was that there was not that there was no conceivable set of facts in which she could plead a claim. It was that despite being given numerous opportunities to do so, she had not. I understand that point. And then I just have a question about count six. This is MSPB one. I know it's very long. But it seems quite clear to me what she's arguing there, a lack of substantial evidence again and again. Again, this lack substantial evidence, this lack substantial evidence, this lack substantial evidence, which is what one argues in the MSPB appeal. So if she had just said one line in her complaint, the MSP decision was erroneous because it was unsupported by substantial evidence. Would that be sufficient to state a claim? I'm not sure that one line, but at least probably not many more lines. Well, what would she have to say? Just explain what the MSPB did and then briefly say why it was. What she did was she disagreed with lots of things the MSPB did. She identified them and identified why, in her view, they lack substantial evidence. And if she had just picked one aspect of the decision and elaborated on it, when she later tried to raise other ones, you would have said that's not in your complaint. If she just said the decision lacks substantial evidence, you would have said that's too little. But she did here where she went with all her disagreements and said they didn't just say it lacks substantial evidence, but explained why, in her view, it lacks substantial evidence. I'm sure you disagree on the merits, but she did that. What exactly was wrong? Was she only allowed to identify five or six things she disagreed with on substantial evidence? I just don't understand what she was supposed to do if, in her mind, as she has explained, there were 20 different things the MSPB did that lacked substantial evidence. How was she supposed to plead that? I don't think it would have been difficult to explain as a general matter what she believes the administrative judge, the MSPB judge, did wrong as a general matter without diving into the weeds of every particular detail. That gives the government even more notice. There's no notice problem here as to what she was arguing. I mean, as I read it, it's pretty straightforward. It was essentially a brief. It had every point on which she thought there was a lack of substantial evidence, but that's not a notice problem. The government, one can imagine somebody who hasn't litigated before not wanting to leave something out on the grounds that someone will later say, well, you'd never raise that in your complaint. Well, it was a notice problem, Your Honor, because it was very difficult to look at this and know what facts mattered. It's true. There was an enormous. So you read it, and she goes, here's a ruling. It lacks substantial evidence. Here's why. Here's another ruling or finding. Lacks substantial evidence. Here's why. There's another ruling lacks substantial evidence. Here's why. You couldn't read that. You couldn't. You didn't see that when you read it. That's what I saw when I read it. I saw it, but it's very difficult to look at this through all the detailed factual allegations, most of which concerns irrelevant or. Well, that would be your answer is that that was not material to the board's decision, but she to her, it was relevant and important and lack substantial evidence. I just wasn't sure why we were. Pick out a complaint that gives you more notice because you think it fails because rule eight. Because rule eight doesn't require the opposing party to need to dive through an enormous sea of irrelevant information or less relevant information in order to pick out the few pearls of relevant and important information. What notice means in this context is not just that it's dumping every conceivable fact in front of the district court, but that it actually makes clear the basic thrust of its claim and what matters rather than. Require both the court and the basic thrust of the claim you said wouldn't be sufficient. Her basic thrust is MSPB's decision lacked substantial evidence and its factual findings were relevant, lacked substantial evidence. But you said just putting that isn't enough. You need to lay out a little bit more. And then I'm really kind of, I feel like there's a betwixt in between here because if she does the minimal one, that's not going to be enough. She did the maximal. She gets kicked for that. And she does something in between. She's going to be leaving out allegations to her and her judgment or important mistakes by the MSPB. Again, you can disagree on the merits and you can even group them together in a response. But how she's supposed to know which ones to leave out when they were all in her mind important errors by the MSPB. What was she supposed to do? So there's, I perceive two questions there. Let me try to answer them both. How was she supposed to know what to plead and what not to plead by exercising? Which errors not to raise when to her they were all important steps in the contribution to an erroneous judgment. So let me answer. You asked, well, she pleads too little. Then she's out of luck. If she pleads too much, she's out of luck. There are two separate rules here. Two separate independent requirements says the McHenry case recognized that this court relied on or cited with approval and Swarovski rule 8a imposes one requirement and rule 12b6 imposes another requirement. And in order to plead a valid claim, you need to satisfy them both. So maybe the one line or one line up claim would not have violated rule 8a would have been kosher under that rule, but it would have been a problem under rule 12b6. They're both required. Now, as far as knowing, you know, feeling that every single fact is important, this is one of these areas where a lawyer is expected to exercise some judgment in calling all of the facts that seem relevant in one's mind and putting down those that actually are the importance, the operative ones, not just everything that one, you know, thinks will matter in the case. Suppose I agree with you that on dismissal with prejudice of count six, which flows from extended back and forth on a pleading that violates the too much principle, the 8a problem. How does that support dismissal with prejudice on counts one to four, which are the opposite, the Twombly-Iqbal, too little problem? It just seems like those were kind of in suspended animation while there was all this back and forth about count six having too much detail. Well, the district court did not dismiss the first five counts because of the problem with count six. The district court dismissed the first five counts because of misdispenses, dismissed with prejudice, excuse me, the first five counts because of Ms. Spence's behavior over the course of the case. So you're correct that it would not be proper to dismiss the other counts because of the issues with count six, but that isn't what the district court did. Ms. Spence had been given numerous opportunities to plead counts one through five, which were the counts raised in the original 98-page pleading. She'd been given repeated opportunities to plead these counts in a way that complied with the federal rules, and with the district court's order that she limit her pleadings to a fairly healthy, robust 50 pages. After five opportunities to do so and failures to do so, it was within the district court's discretion to say that Ms. Spence would not be permitted to continue to burden its docket, the other parties to deprive attention from other litigants before the court, who the court was able to devote less time to because it kept having to come back to Ms. Spence. All right. Thank you very much. Thank you. Spence, we'll give you two minutes. Counsel's claims that I repeatedly violated the court's orders and I had some behavioral issues just are not supported by the record, and although I was given numerous opportunities to present to the court a compliant complaint, some of those opportunities were not supported were missed when government counsel claimed and the court agreed that I incorporated documents into my complaint by reference when I did not, and opposing counsel standing before you today was not able to explain how it was that only the statement of facts attached to my amended complaint was put in a category of being incorporated by reference when there were two other exhibits, all of which were MSPB documents already in the record, already they were all identified as exhibits that were attached to the amended complaint. So, yes, while I had opportunities, some of them were unnecessary that I had to go back to the drawing board, even to the point where, as I stated earlier, I felt compelled to submit my fourth proposed amended complaint with no attachments for concern out of a concern that I would get another warning from the court about those documents being incorporated by reference, even though, again, there were no indicators that can incorporate it by reference. Were you intentionally breaking the court's rules? Pardon me? Were you intentionally violating the court's rules? Absolutely not. I would never do that. Any questions? On the count— One more sentence, and then you're over your time. I'm sorry. On count six, I will just say that count six was compliant with Rule 8 of the Federal Rules of Civil Procedure, and thank you for recognizing that I did make out claims there so that the government could understand, and it was not the disorganized and the district court and the government would have this court believe. Thank you. Thank you very much. The case is submitted.
judges: Millett, Katsas, Rao